# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SHEILA BLACKWELL,                )
                                 )
    Plaintiff,           )
                                 )
v.                               )          1:15CV8
                                 )
ST. MORITZ BUILDING SERVICES,    )
et al.,                          )
                                 )
    Defendants.          )

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This case comes before the Court on Plaintiff's Application for Leave to Proceed In Forma Pauperis (Docket Entry 2), filed in conjunction with her pro se Complaint (Docket Entry 3). The Court will grant Plaintiff's Application (Docket Entry 2) for the limited purpose of recommending dismissal of this action pursuant to 28 U.S.C. § 1915(e)(2)(B) for frivolousness and failure to state a claim.

## LEGAL BACKGROUND

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts solely because his poverty makes it impossible for him to pay or secure the costs." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (internal quotation marks omitted). "Dispensing with filing fees, however, [is] not without its problems. . . . In particular, litigants suing in forma pauperis

d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. FMC Butner, 376 F.3d 252, 255 (4th Cir. 2004). To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines . . . the action . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2).

As to the first of these grounds, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). In assessing such matters, this Court may "apply common sense." Nasim, 64 F.3d at 954; see also Nagy, 376 F.3d at 256 ("The word frivolous is inherently elastic and not susceptible to categorical definition." (internal quotation marks omitted)).

As to the second ground, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely

2

consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id.[1]

## **ANALYSIS**

Plaintiff's Complaint stems from her dismissal from Defendant St. Moritz's employment, and the subsequent investigation and handling of her claim by Equal Employment Opportunity Commission ("EEOC") employees Defendants Troxler and Glover. (See Docket Entries 3, 3-1.) Although the Court "cannot shoulder the full burden of fashioning a viable complaint for a *pro se* plaintiff," Simon v. Shawnee Corr. Ctr., No. 13-521-GPM, 2013 WL 3463595, at *1 (S.D. Ill. July 9, 2013) (unpublished), the Court understands Plaintiff to allege claims under Title VII for termination of her employment on the basis of her race, 42 U.S.C. § 2000e-2(a), and

---

[1] Although the Supreme Court has reiterated that "[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (dismissing pro se complaint).

3

for retaliation, 42 U.S.C. § 2000e-3(a). The Court should dismiss Plaintiff's claims against Defendant St. Moritz for frivolousness and against Defendants Troxler and Glover for failure to state a claim.

A. Frivolousness

Plaintiff's Title VII claims qualify as untimely, and thus, frivolous. Under 42 U.S.C. § 2000e-5(f)(1), "the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge . . . ." The 90-day period does not act as a jurisdictional bar but rather as a statute of limitations. See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). When the parties do not know the date of receipt of the right-to-sue letter, a presumption arises that the party received the letter within three days of its dispatch - as dated by the EEOC. Ish v. Arlington Cnty. Va., No. 90-2433, 918 F.2d 955 (table), 1990 WL 180127, at *1 (4th Cir. Nov. 21, 1990) (unpublished).

Here, Plaintiff makes no allegation in her Complaint regarding when she received the right-to-sue letter; however, she did attach two copies of her right-to-sue letter to her Complaint. (Docket Entry 3-1 at 1-2.) The EEOC dispatched the right-to-sue letter on August 28, 2014. (Id.) Applying the presumption to this case, Plaintiff presumably received the right-to-sue letter on Monday,

4

September 1, 2014.[2] Thus, the 90-day period ran until its expiration on Monday, December 1, 2014.[3] Plaintiff did not file her Complaint, as indicated by the file-stamp by the Clerk's Office, until January 5, 2015. (See Docket Entry 3 at 1.) The Complaint's untimeliness appears on its face, and, therefore, the Court should dismiss the case as frivolous. See Nasim, 64 F.3d at 956 (upholding dismissal of time-barred claim as frivolous).

B. Failure to State a Claim

The Court should also dismiss Plaintiff's claims against Defendants Troxler and Glover for failure to state a claim. Plaintiff does not specify in her Complaint the basis for claims against Defendants Troxler and Glover; she accuses them of poorly investigating her case, and possibly accepting bribes from Defendant St. Moritz. (See Docket Entry 3 at 4, 8; Docket Entry 3-1 at 9, 19-20.) "The proper course for a private plaintiff whose claim the EEOC mishandled is to bring a lawsuit against the plaintiff's employer on the merits, not one against the EEOC." Jordan v. Summers, 205 F.3d 337, 342 (7th Cir. 2000). Title VII does not provide a cause of action against the EEOC, or its employees, for an individual dissatisfied with the results of her

---

[2] The third day actually falls on August 31, 2014, a Sunday, and the United States Post Office does not typically deliver mail on Sundays.

[3] The ninetieth day actually falls on November 30, 2014, a Sunday, a day the Court did not open.

investigation.  See Moore v. New Hanover Cnty. Gov't, No. 7:03-CV-195-DEV, 2004 WL 3266045, at *6 (E.D.N.C. Aug. 13, 2004) (citing cases), aff'd, 122 F. App'x 644 (4th Cir. Mar. 4, 2005).  Thus, Plaintiff fails to state a claim against Defendants Troxler and Glover.

## **CONCLUSION**

Plaintiff has demonstrated eligibility for proceeding in forma pauperis; however, the Court should dismiss her Complaint under § 1915(e)(2)(B) for frivolousness and failure to state a claim.

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to Proceed In Forma Pauperis (Docket Entry 2) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that the Court dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

                                    /s/ L. Patrick Auld
                                      **L. Patrick Auld**
                         **United States Magistrate Judge**

January 21, 2015